IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLINTON MORRIS REDDICK,

        Petitioner,              No. CIV S-07-1147 JAM KJM P

   vs.

T. FELKER,                       <u>ORDER AND</u>

        Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a California prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges Sacramento County convictions for five counts of second degree robbery, adjudged in 2003.

I. <u>Consolidation Request</u>

        Petitioner asks that this case be consolidated with 07-1148 LEW DAD P. Respondent opposes the request. However, petitioner fails to point to anything in support of his request except that he is the petitioner in both cases. This, by itself, does not justify consolidation. Fed. R. Civ. P. 42. Petitioner's request will therefore be denied.

/////

/////

/////

1

II. Motion to Dismiss

    A. Statute of Limitations

Respondent has filed a motion asking that this matter be dismissed as time-barred. Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's convictions became final for purposes of § 2244(d)(1)(A) on November 7, 2005 when time expired for petitioner to file an application for writ of certiorari in the United States Supreme Court with respect to the California Supreme Court's August 10, 2005 denial of his petition for review. See Resp't's Lodged Doc. #3 (last page is denial order); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). This action was commenced on June 10, 2007 when petitioner submitted his habeas petition to prison officials for mailing. Pet. at 10; see Houston v. Lack, 487 U.S. 266, 270 (1988).

The parties do not appear to dispute that there is no statutory basis to toll the limitations period for the 271 days between and including November 8, 2005 and August 5, 2006, when petitioner filed a petition for habeas relief in state court. Although petitioner asserts he is eligible for tolling of 30 of the 87 days between March 15, 2007, when the California

1  Supreme Court denied his habeas petition filed there, and June 9, 2007, under Bunney v.
2  Mitchell, 262 F.3d 973 (9th Cir. 2001), the California rule of civil procedure under which the
3  Ninth Circuit previously determined that thirty days of tolling is appropriate was repealed well
4  before that rule could have had any applicability in determining whether petitioner's application
5  for writ of habeas corpus is time-barred.  See Resp't's Reply at 3:12-22.  Together, then the two
6  periods of time for which no tolling applies means that 358 days of the limitations period had
7  elapsed by June 10, 2007.

8  Between August 6, 2006 and October 16, 2006, petitioner's first application for
9  collateral relief was pending in the Superior Court of Sacramento County.  Resp't's Lodged Doc.
10 #4.  Respondent agrees that petitioner is entitled to tolling of the limitations period for the period
11 of time between these dates under 28 U.S.C. § 2244(d)(2).

12 Petitioner's second application for collateral relief was pending in the California
13 Court of Appeal between December 19, 2006 and January 4, 2007.  Resp't's Lodged Doc. #5.
14 Respondent also admits petitioner is entitled to tolling during this period of time under 28 U.S.C.
15 § 2244(d)(2).

16 Respondent asserts that petitioner is not entitled to tolling for the 64 days in
17 between the time his 2006 state Superior Court and Court of Appeal petitions were pending.  The
18 limitations period applicable to 28 U.S.C. § 2254 actions is tolled for the period of time a habeas
19 petitioner seeks relief with respect to his claims at the three levels of California's courts
20 including the time between pending actions, with an important qualification.  Evans v. Chavis,
21 546 U.S. 189, 191-92 (2006).  Habeas petitioners are not entitled to tolling for the time between
22 pending actions if an "unreasonable delay" preceded filing at the next level.  Id. at 197-200.
23 Determining what constitutes an unreasonable delay in California is difficult because, unlike
24 other states, California has a general "reasonableness" standard for timeliness.  Id. at 193.  In an
25 attempt to create some sort of rough bench mark, the Court found the California system
26 "sufficiently analogous to appellate systems in other States to treat it similarly."  Id. (citing Carey

v. Saffold, 536 U.S. 214, 222 (2002)). "[I]n most states a prisoner who seeks review of an adverse ... decision must file a notice of appeal ... and the timeliness ... is measured in terms of a determinate time period, such as 30 or 60 days." Id. at 192 (citing Saffold, 536 U.S. at 219). In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Saffold, 536 U.S. at 222-23).

The Court in Chavis held the six-month, unexplained delay in that case was not reasonable. 546 U.S. at 201. Many California district courts have looked at the question since then. However, no consistent rule has emerged. See Winston v. Sisto, No. CIV S-07-2284 JAM DAD P (docket no. 11), 2008 WL 2119918, at *9 n.5 (E.D. Cal. May 20, 2008), adopted No. CIV S-07-2284 JAM DAD P (docket no. 13) (E.D. Cal. Oct. 24, 2008) (assembling cases).[1]

---

[1] As the magistrate judge in Winston noted,

> Not surprising in light of the uncertain scope of California's reasonable time standard, no consensus has emerged among district courts in California even as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis. Osumi v. Giurbino, 445 F. Supp.2d 1152, 1158-59 (C.D. Cal.2006) (96 and 98-day intervals between decision and filing of the next petition not unreasonable); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb.22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan.16, 2008) (six-month delay neither unjustified nor unreasonable under Chavis ); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar.29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, * 1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec.20, 2006) (tolling 60 days of a 235 day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar.15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp.2d 1135, 1140-41 (C.D. Cal.2006) (71 and 97-day periods found unreasonable).

Recognizing the lack of a clear standard, the Court of Appeals recently certified the question to the California Supreme Court. In Chaffer v. Prosper, ___ F.3d ___, 2008 WL 4074220, at *1 (9th Cir. Sept. 2, 2008), the Court of Appeals asked, "When is a state habeas petition timely filed in California courts; does the term 'substantial delay,' as described in In re Stankewitz, 40 Cal. 3d 391, 396-97 n.2, 220 Cal. Rptr. 382, 708 P.2d 1260 (1985), mean any delay that exceeds 60 days after the denial of a habeas petition by another state court, as suggested by Chavis, 546 U.S. at 200-01, 126 S. Ct. 846?"

A review of the case law, including recent decisions, discloses that very few judges have imposed the rule that respondent suggests -- that sixty days constitutes the outer limit of reasonableness for an unexplained gap between state court filings. E.g., Hunt v. Felker, No. 1:07-cv-01281-OWW-TAG HC, 2008 WL 364995 (E.D. Cal. Feb. 8, 2008), adopted, 2008 WL 752592 (E.D. Cal. Mar. 19, 1008). Instead, most courts consider an unexplained delay of "substantially" greater than sixty days to be unreasonable. It cannot be said that petitioner's 64-day gap between filings is substantially greater than sixty days. Cf. Payne v. Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, at *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, while petitioner does not explain his delay, he did revise his Superior Court petition by adding legal authority before filing it in the Court of Appeal. Compare Resp't's Lodged Doc. #4 at 9, 11 with Resp't's Lodged Doc. #5 at 9, 11; see Warburton v. Walker, 548 F. Supp. 2d 835, 840 (C.D. Cal. 2008) (69-day delay reasonable because petitioner amended petition before filing in Court of Appeal). Accordingly, this court finds petitioner's 64-day delay is not unreasonable and is subject to statutory tolling under 28 U.S.C. § 2244(d)(2). Because the 64-day period is tolled, petitioner filed his petition in 358 days, as described above. His petition is not time-barred and this court will recommend that respondent's motion to dismiss on that basis be denied.[2]

---

[2] Because the court finds statutory tolling of the 64-day period, it is not necessary to reach petitioner's argument that he is entitled to equitable tolling.

B. <u>Exhaustion</u>

Respondent argues that petitioner failed to exhaust remedies with respect to claims 4 and 5. Claim 4 in the current federal petition alleges ineffective assistance of counsel for failure to call a witness at trial. Claim 5 alleges ineffective assistance of appellate counsel for failure to raise issues on appeal. Respondent recognizes that petitioner raised these issues in the state court, but argues they are unexhausted because the California courts were not provided a full and fair opportunity to consider them. Respondent argues petitioner failed to present fully the facts underlying claim 4 and did not present properly the legal issue in claim 5.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by fairly presenting his claims to provide the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986). "Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based.'" <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007)).

Claim 4 in petitioner's federal petition is essentially identical to ground 3 of his petition before the California Supreme Court. There, petitioner alleged ineffective assistance of counsel because his trial attorney "Deprived petitioner of his Constitutional Right to have Compulsory process for obtaining witness in my favor, which is a violation of my 6th Amendment to the Constitution." Resp't's Lodged Doc. #6 at 7 (verbatim transcription). In his supporting facts, petitioner explained he had asked his attorney to call his mother Regina Reddick, "a very important witness" "who was actually at the scene" and "could have changed the outcome of trial." <u>Id.</u> at 7, 8. He claimed his attorney spoke to his mother and she "was

prepared to fly out here to testify in my favor and was my main Defense." Id. at 7.

Respondent argues petitioner failed to describe the substance of the witness's proposed testimony and failed to provide the California Supreme Court with copies of the cited pages of transcript. Exhaustion "does not require that a 'habeas petitioner . . . present to the state court every piece of evidence supporting his federal claims.'" Davis, 511 F.3d at 1009 (quoting Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994), superseded on other grounds by 28 U.S.C. §2253(c) (emphasis in original)). To exhaust, petitioner must provide only the "operative facts," those "'facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" Id. (quoting Daugharty v. Gladden, 257 F.2d 750, 578 (9th Cir. 1958)). In examining petitioner's allegations, this court must keep in mind that "'pro se [habeas] petitions are held to a more lenient standard than counseled petitions.'" Id. (quoting Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)).

Petitioner has exhausted claim 4. His statements that his trial attorney failed to call a known material witness are sufficient to show his attorney acted unreasonably and that the action, or lack thereof, prejudiced him, establishing a Sixth Amendment violation for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

With respect to claim 5, petitioner's state court ground 5 specifically alleged ineffective assistance of appellate counsel for failure to raise certain claims. Resp't's Lodged Doc. #6 at 11. Petitioner argued: "This Ineffective and Incomplete presentation of petitioner's claims of error denied me rights guaranteed by both the United States and California Constitutions. . . . Specifically my Sixth Amendment right to effective counsel." Id. at 12. Respondent is correct that on the following page petitioner stated he "does not raise the Issue of appellate counsel's Ineffectiveness as a Free Standing Claim requiring reversal of his conviction. But as a point of law Justifying an exception to certain procedural rules." Id. at 13. However, petitioner ends his discussion of claim 5 by asking the court to "issue a writ vacating his conviction . . . and remand him to the trial court for re-trial." Id. at 14.

Again, construing this pro se pleading as required, this court finds petitioner adequately pled a claim of ineffective assistance of appellate counsel in the California Supreme Court.  That court had a full and fair opportunity to consider petitioner's claim of ineffective assistance of appellate counsel as well as the opportunity to consider appellate counsel's actions as an excuse to any procedural bars.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's "motion for joinder of claims" (#15) is denied.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (#13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2008.

_____
U.S. MAGISTRATE JUDGE

redd1147.157(2)